IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY JOHNSON, # 115808, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:16cv233-WHA |
| ) | (WO) |
| WALTER MYERS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Larry Johnson ("Johnson"), a state inmate incarcerated at Easterling Correctional Facility in Clio, Alabama, filed the instant action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Johnson is incarcerated under a manslaughter conviction and life sentence imposed in 1986 by the Circuit Court of Jefferson County, Alabama. In his petition, he challenges a decision by the sentencing court denying his motion for modification of sentence under § 13A-5-9.1, Ala. Code 1975.[1] Specifically, he asserts that the trial court improperly denied his motion without considering information relevant to his status as a nonviolent offender.

**DISCUSSION**

In *Malloy v. Riley, et al.*, Civil Action No. 4:02cv79-IPJ (N.D. Ala.), 82 F. App'x 222 (Aug. 26, 2003), the petitioner, a state inmate, filed a petition for writ of habeas corpus under

---

[1] Section 13A-5-9.1 provides for the reduction of some criminal sentences if certain requirements are met. *See Kirby v. State*, 899 So. 2d 968 (Ala. 2004).

28 U.S.C. § 2241 petition alleging interference with his ability to obtain a sentence reduction under § 13A-5-9.1, Ala. Code 1975.  The district court construed the habeas petition as one filed under 28 U.S.C. § 2254 and summarily dismissed the petition as successive under the provisions of 28 U.S.C. § 2244(b)(3)(A).  On appeal, the Eleventh Circuit affirmed the summary dismissal and, in so doing, held that "state prisoners seeking to challenge their sentence must proceed under § 2254 and may not invoke § 2241." *Malloy v. Riley, et al.*, Civil Action No. 4:02cv79-IPJ (N.D. Ala.), 82 F. App'x 222 (Aug. 26, 2003) - Doc. No. 23 at 3.  As support for this holding, the Eleventh Circuit stated:

> [T]he language of § 2254, which covers *state* prisoners, is broad and applies to all "person[s] in custody pursuant to the judgment of a State court."  28 U.S.C. § 22554(a).  Because § 2254 is sufficiently expansive to address both validity [of sentence] challenges and manner [of execution] challenges, state prisoners need not resort to § 2241 to bring a challenge to the execution of a sentence; § 2254 petitions accomplish this task.  As the Second Circuit has stated:
>
>> A claim [under Section 2254] that [a state prisoner] is "in custody" in violation of federal laws is broader than a claim that the imposition of one's sentence is illegal.  A federal due process challenge claiming state incarceration beyond that authorized by a judgment and sentence would fall within this broader category of claims.  The plain language of the pertinent statutes indicates, therefore, that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254.
>
> *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002).  This conclusion, that §2254 is the proper vehicle to challenge a state prisoner's sentence, is congruent with Supreme Court precedent.  *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) [ ] ("[A]uthority to grant habeas relief to state prisoners is limited

> by § 2254 which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").
>
> Indeed, each circuit court to consider this issue has concluded that §2254 is the sole vehicle available to state prisoners challenging either the validity or execution of their state sentence. ... These cases hold that "[a] state prisoner . . . not only may, but according to the terms of section 2254 must, bring a challenge to [the validity] and execution of his or her sentence... under section 2254." *Cook [v. New York State Division of Parole]*, 321 F.3d [274, 278 (2d Cir. 2003). We believe this to be a proper statement of the avenues of habeas relief available to state prisoners seeking federal review of their state court sentences and, therefore, conclude that the district court properly construed [Petitioner's] § 2241 petition as a § 2254 petition.

*Malloy v. Riley, et al.*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (Aug. 26, 2003) - Doc. No. 23 at 6-8 (emphasis in original).

Because a state prisoner seeking to challenge the validity and execution of his conviction or sentence must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2254, *see, e.g.*, *Cook v. Baker,* 139 F.App'x 167, 168 (11th Cir. 2005), Johnson's instant petition should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

An action under § 2254 may be filed in either "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *Id*. Johnson

challenges a decision by the Circuit Court of Jefferson County denying him relief on a motion for modification of the sentence imposed on him by that same court in 1986. Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Under the circumstances, this court concludes that the transfer of this case to such other court for hearing and determination is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 25, 2016. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest

---

[2] A decision on Johnson's application for *in forma pauperis* status (Doc. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of April, 2016.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE